UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANNY AMEN VALENTINE SHABAZZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOB BAKISH, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 1:23-cv-01639 (UNA) |

## MEMORANDUM OPINION

Currently before the Court is plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained herein, the Court will grant plaintiff's IFP application and dismiss the complaint without prejudice.

Plaintiff, a resident of Georgia, sues the companies, BET, EONE, and Quality Control Media Holdings, as well as several individuals seemingly associated with those entities. He fails, however, to provide any contact information for any of the defendants, in contravention of D.C. Local Civil Rule 5.1(c)(1). Although having filed a civil case, plaintiff has submitted a complaint for "criminal copyright infringement," which is not a model of clarity. He alleges that he "filmed an episode with BET," and then came to some sort of unspecified agreement to be "issued a copyright on the Networks and parent organizations," but that he was never paid for his purported new ownership. He asks this Court to "shutdown" the operations of BET and Paramount—which is not a party to this case—and to "freeze" their finances until the "Insider Threat Development within the Networks" is eradicated.

*Pro se* litigants must comply with the Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

When, as here, a complaint "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls within this category. As presented, neither the Court nor the defendants can reasonably be expected to identify plaintiff's claims, if any. Nor has plaintiff established any basis for this Court's subject matter jurisdiction.

For this reason, this case will be dismissed without prejudice. Plaintiff's motion for discovery, ECF No. 4, is denied as moot. A separate order accompanies this memorandum opinion.

Date: July 12, 2023

/s/ Trevor N. McFadden

TREVOR N. McFADDEN
United States District Judge